**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

**JOHN SIMS**,

Plaintiff,

v.

**CAPITAL ONE BANK (U.S.A.), N.A.**

Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

JOHN SIMS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Washington and as such, personal jurisdiction is established.



DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Lacey, Washington 98503.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 1680 Capital One Drive, Mclean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than two years.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around summer 2014 and continuing through 2016, Defendant called Plaintiff on a repeated daily basis on his cellular telephone.

13. When contacting Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff believes that Defendant was calling him using an automated telephone dialing system as he was routinely greeted by a pre-recorded voice or message before speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In or about November or December 2014, Plaintiff spoke with Defendant and revoked any consent that may have been previously given to Defendant to call his cellular telephone number.



DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

17. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

18. Defendant proceeded to ignore Plaintiff's revocation and subsequent demands to stop calling his cellular telephone and continued to call him through sometime in 2016.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

22. Defendant's calls to Plaintiff were not made for "emergency purposes."

23. Defendant's calls to Plaintiff, in and after November or December 2014, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.



DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOHN SIMS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHN SIMS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,



DC Law Group
221 1st Ave W #320
Seattle, WA 98119
(206) 494-0400

DATED: January 4, 2018

/s/ Matthew J. Cunanan
Matthew J. Cunanan, WSBA# 42530
DC LAW GROUP NW LLC
221 1st ave W #320
Seattle, WA 98119
Telephone: (206) 494-0400
Facsimile: (855) 494-0400
Email: matthew@dclglawyers.com

/s/ Richard Albanese *(pro hac vice application to follow)*
Richard Albanese, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: ralbanese@creditlaw.com